# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTWON D. JENKINS
a/k/a Antoine Jenkins

    Petitioner,

v.

                                                                 No. 3:18-cv-610-DRH

UNITED STATES OF AMERICA
    Respondent.

## ORDER

**HERNDON, District Judge:**

Before the Court is pro se petitioner Antwon Jenkins' ("petitioner") Motion for Release on Bond pending resolution of his 28 U.S.C. § 2255 petition (doc. 6). Petitioner seeks he be released on "personal recognizance, unsecured appearance bond, or any combination that [the Court] deems appropriate" while deciding his section 2255 petition, and also wishes to supplement his section 2255 petition with the same argument as his fifth ground for relief. *Id*. at 1. The Court **DENIES** both requests.

After review of the conditions set forth in 18 U.S.C. § 3143(b) [Release or Detention of a Defendant Pending Sentence or Appeal] and 18 U.S.C. § 3142, the Court finds petitioner has failed to satisfy the requirements necessary to overcome his detention. Additionally, the cases petitioner cites in support of releasing a defendant pending resolution of his or her case are not applicable here. *See* doc. 6. at 5-6. Regardless of petitioner's beliefs, if the appellate court's decision in dismissing Count 2 from petitioner's unrelated criminal case, 3:12-cr-

30239-DRH-1, is affirmed, petitioner will not be released from prison. Whatever the outcome of the government's appeal to the Supreme Court of the United States, petitioner will still be serving a term of imprisonment for his kidnapping conviction (Count 1), in which he was sentenced to 188 months to run consecutively to the count under review, Using or Carrying a Firearm to Commit a Federal Crime of Violence. *See id*. at doc 258.[1] Even further, after petitioner's term of imprisonment for kidnapping expires, petitioner is to serve <u>an additional</u> 27 months imprisonment to run consecutively to the term sentenced in 3:12-cr-30239-DRH-1, for his drug-related conviction in case 3:13-cr-30125-DRH-11. *See id*. doc. 539. Clearly, the dismissal of one count from petitioner's 2012 criminal case does not warrant petitioner's release on bond.

Finally, the Court **DENIES** petitioner's request to supplement his section 2255 motion with the bond argument as ground for relief #5, as the nature of the argument is unrelated to his 2013 criminal case, which is the underlying case for petitioner's section 2255 motion.

**IT IS SO ORDERED**.

Judge Herndon
2018.04.11
20:44:10 -05'00'

**United States District Judge**

---

[1] If the dismissal of Count 2 is affirmed, petitioner will be re-sentenced for Count 1, Kidnapping. *See* 3:12-cr-30239-DRH-1, doc. 337.

2