IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTWON D. JENKINS,

    Petitioner,

                                                              No. 3:18-cv-610-DRH

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Before the Court is petitioner Antwon Jenkins' ("petitioner") Motion for Leave to Appeal in Forma Pauperis. [Doc. 25]. On April 12, 2018, the Court denied petitioner's Motion for Release on Bond (doc. 6), explaining that despite petitioner's contentions to the contrary, a pending appeal to the Supreme Court of the United States regarding petitioner's unrelated criminal case does not justify release on bond due to petitioner's conviction of numerous other crimes. *See* doc. 7 ("Regardless of petitioner's beliefs, if the appellate court's decision in dismissing Count 2 from petitioner's unrelated criminal case, 3:12-cr-30239-DRH-1, is affirmed, petitioner will not be released from prison. Whatever the outcome of the government's appeal to the Supreme Court of the United States, petitioner will still be serving a term of imprisonment for his kidnapping conviction (Count 1), in which he was sentenced to 188 months to run consecutively to the count under review"). The Court further denied

1

supplementation of the same argument to petitioner's current section 2255 motion, as the nature of such is unrelated to the basis for bringing the 2255 petition. *Id.*

Petitioner filed a notice of appeal of the April 12th Order on April 23, 2018 (doc. 8). His motion for leave to appeal *in forma pauperis* ("IFP") was filed on July 23, 2018 (doc. 25). Based on the following, the Court **DENIES** the motion to proceed *in forma pauperis* on appeal.

Rule 24 of the Federal Rules of Appellate Procedure provides that a party to an action in federal district court who desires to appeal IFP must first file a motion in the district court requesting leave to appeal without payment of fees and costs. *See* Fed. R. App. P. 24(a)(1). The motion must be supported by an affidavit that: (1) shows the party's inability to pay or to give security for fees and costs; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal. *See id*. An appeal may not be taken IFP if the district court certifies in writing that the appeal is not taken in good faith. *See* 28 U.S.C.§ 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 444 (1962). An appeal is in good faith if it raises legal points that are reasonably arguable on their merits. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738, 744 (1967)). To appeal in bad faith, on the other hand, means to appeal "on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

The Court will not address the question of whether petitioner is indigent because petitioner's appeal is not taken in good faith. No reasonable person could reach the conclusion that the appeal is taken in good faith as the Court found the basis of petitioner's motion for bond to be meritless and unrelated to the pending section 2255 petition. Thus his motion fails to meet the criteria set out in Fed. R. App. P. 24(a)(1). As petitioner has failed to set out a reasonably arguable legal position, the Court presumes that the appeal is taken in bad faith.

Accordingly, the Court **DENIES** petitioner's request for leave to proceed IFP on appeal (doc. 25) and certifies that his appeal is not taken in good faith. Petitioner shall tender the appellate filing and docketing fee of $505.00 to the Clerk of the Court in this District within **THIRTY** (30) days of the date of the entry of this Order or he may reapply with the Seventh Circuit Court of Appeals for leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED.**

Judge Herndon
2018.07.25
15:12:35 -05'00'

**United States District Judge**