# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTWON D. JENKINS,

    Petitioner,

                                 No. 3:18-cv-610-DRH

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Before the Court is petitioner Antwon Jenkins' ("petitioner") Motion to Compel his former attorney, Mr. Turner Rouse, to review his case file, and Request for Documents (doc. 32). Specifically, petitioner takes offense to the government's assertion that petitioner never requested Mr. Rouse to file a motion to suppress evidence of the traffic stop that lead to his arrest and conviction. *Id*. at 1. Petitioner claims a hand-written letter exists which petitioner sent to Mr. Rouse requesting the same. *Id*. Accordingly, petitioner seeks the Court compel Mr. Rouse to review petitioner's criminal file, in (what the Court assumes) an attempt to locate the alleged letter. This request is **DENIED.**

Mr. Rouse has already filed an affidavit (doc. 34) in which he states he does not recall specific direction from petitioner regarding a motion to suppress. Further, Mr. Rouse states that he "did not think a motion to suppress the stop would have been meritorious at the time nor am I convinced in retrospect it would have been. My practice then and now is not to file frivolous motions." *Id*. at 1-2. Accordingly, as Mr. Rouse has already spoken on the issue, it makes little sense

and creates a waste of time and resources to compel Mr. Rouse review the file again.  The motion to compel review of the case file by Mr. Rouse is denied.

Petitioner also seeks the Court provide him with copies of his pro-se motion seeking substitution of counsel and the transcript from the hearing regarding that motion.  Doc. 32 at 2-3.  Although petitioner claims these documents would aid him in his response to the government, he again alleges this as he wishes to demonstrate he informed Mr. Rouse of the potential to file a motion to suppress.  *Id.* at 3.  Mr. Rouse has already sworn to the contrary.  *See United States v. McCollum*, 426 U.S. 317 (1976).

Additionally, petitioner makes no allegations regarding any attempt to retrieve the documents through his trial counsel prior to petitioning the Court to provide them free of charge.  Petitioner is advised he may re-seek relief from the Court if he provides documentation of his attempts, but inability, to obtain the documents through the channels currently available to him.  Petitioner is reminded his reply deadline has been extended to October 5, 2018 to afford him the opportunity to gather all materials necessary to file his reply brief.  *See* doc. 33.  Accordingly, the request for copies is **DENIED.**

**IT IS SO ORDERED.**

Judge Herndon
2018.08.24
15:18:09 -05'00'

United States District Judge