**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**


**ANTWON D. JENKINS,**

   **Petitioner,**

                                        **No. 3:18-cv-610-DRH**

**UNITED STATES OF AMERICA,**

   **Respondent.**

## MEMORANDUM and ORDER


**HERNDON, District Judge:**


Before the Court is petitioner Antwon Jenkins' Motion for Discovery in 2255 Proceedings (doc. 36). In his motion, petitioner requests the Court order the government to provide him "full discovery," meaning "<u>ALL</u> documents, statements, search warrants, interviews (dvd's), affidavits, case notes, and any tangible or intangible material that pertains to the criminal proceedings directly or indirectly related to the prosecution conviction and appeal of Mr. Jenkins." *Id*. at 2 (emphasis in original). For the following reasoning, the motion is **DENIED.**

Discovery in a section 2255 proceeding is governed by Rule 6 of the Rules Governing Section 2254 Proceedings, made applicable to other habeas cases via Rule 1(b) of those Rules. Rule 6 states that "a judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure." Rule 6(a). However, it is clear that petitioner's request is far too broad to satisfy either of the discovery provisions of the Federal

Criminal Rules or the Federal Civil Rules. *See* Fed. R. Crim. Pro. 16; Fed. R. Civ. Pro. 26. Petitioner's section 2255 claim alleges that his prior defense counsel was ineffective in his handling of a motion to suppress evidence in petitioner's underlying criminal case. Petitioner's request for all materials "directly or indirectly" related to his criminal case goes much beyond the scope of discovery allowable under the Federal rules.

Further, petitioner does not state good cause for seeking the extensive discovery. It is well settled that a section 2255 petition is not a substitute for a direct appeal. *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000); *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997). To the extent petitioner is attempting to re-litigate or challenge the contested motion to suppress[1], a section 2255 petition is not the proper avenue. As the government points out and as this Court already ruled in a recent August 24, 2018 Order (doc. 35), petitioner's prior counsel, Mr. Turner Rouse, has already filed an affidavit in this case (doc. 34) regarding the motion to suppress and all that is properly before the Court regarding the section 2255 claims is what action Mr. Rouse did or did not take in handling the motion to suppress. Time has already passed to argue on appeal about the Court's Order on the motion in the criminal case or the motion itself. The Court will not entertain a fishing expedition by petitioner to create off-topic or untimely arguments.

Petitioner, however, is again reminded that he may seek appropriately

---

[1] The Court gathers this intent from the numerous similar motions petitioner has filed starting in August 2018 that relate to the instant motion for discovery. *See* doc. 32 "Motion to Compel Attorney and Request for Transcripts"; doc. 38 "Motion for Permission to Submit Interrogatories."

related documents to his section 2255 petition from the channels available to him, i.e. through his prior counsel.  Information regarding the handling of the motion to suppress is available in the criminal record.  Petitioner is also reminded his reply deadline is October 5, 2018.  *See* doc. 33.  Accordingly, the motion for discovery (doc. 36) is **DENIED.**

     **IT IS SO ORDERED.**

Judge Herndon
2018.09.25
14:53:53 -05'00'

**United States District Judge**