IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTWON DESHANE JENKINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 18-cv-610-DWD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter comes before the court on two motions filed by Petitioner Antwon Deshane Jenkins on May 14, 2021: Emergency Motion for Release Pending Habeas Review (Doc. 120) and Renewed Motion for Transcripts (Doc. 121).

On September 18, 2015, in Case No. 13-cr-30125, Petitioner Antwon Deshane Jenkins was sentenced to 27 months in prison after his conviction for possession with intent to distribute cocaine. *See United States v. Jenkins*, S.D. Ill. Case No. 13-cr-30125, at Doc. 449. This sentence is to run consecutively to his sentence in Case No. 12-cr-30239, where he was sentenced to 293 months in prison after his conviction for kidnapping. *See United States v. Jenkins*, S.D. Ill. Case No. 12-cr-30239, at Doc. 402. Petitioner's sentence in the instant matter was affirmed on March 13, 2017 in *United States v. Jenkins*, 850 F.3d 912 (7th Cir. 2017). On November 25, 2020, this Court denied Jenkins' Section 2255 petition related to his cocaine conviction and declined to issue a certificate of appealability (Doc.

1

94). On December 8, 2020, Petitioner filed his Notice of Appeal of this denial with the Seventh Circuit (Doc. 95). The appeal is still pending.

## Emergency Motion for Release

By his Emergency Motion for Release pending Habeas Review, Petitioner asks for his immediate release from incarceration pending the outcome of the current appeal in this matter, and his separate Section 2255 petition in *Jenkins v. United States*, 20-cv-233-SMY (S.D. Ill), where he challenges his 293-month sentence for his kidnapping conviction. The briefing on this separate 2255 petition is to be completed on or about June 25, 2021. *Jenkins v. United States*, 20-cv-233-SMY (S.D. Ill), at Doc. 25. Petitioner invokes 18 U.S.C. § 3143(b), which provides for the release or detention of defendants pending sentencing or appeal. Petitioner emphasizes that he is not seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 120, p. 1).

18 U.S.C. § 3143(b)(1) is not applicable to convicted defendants seeking postconviction relief under 28 U.S.C. § 2255. *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985). However, "there is abundant authority that federal district judges in habeas corpus and section 2255 proceedings have inherent power to admit applicants to bail pending the decisions of their cases, but a power to be exercised very sparingly." *Id.*; *see also Kramer v. Jenkins*, 800 F.2d 708, 708 (7th Cir. 1986). The Circuit cautions:

> The reasons for parsimonious exercise of the power should be obvious. A defendant whose conviction has been affirmed on appeal ... is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted.

*Cherek*, 767 F.2d at 337.  Although 18 U.S.C. § 3143(b) is generally inapplicable to section 2255 proceedings, the Seventh Circuit has also commented that the section 3143 standard is more favorable to defendants, and therefore, it is clear that if a defendant cannot meet the more lenient terms of section 3142, then bail pending the appeal of his section 2255 petition is also not available.  *Id.*  Petitioner cannot meet the more lenient terms of section 3142, and his Motion for Release will be denied.

To overcome the presumption against release pending appeal for convicted defendants in 18 U.S.C. § 3143(b)(1) Petitioner must show:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in – (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(B)(1); *United States v. Bilanzich,* 771 F.2d 292, 298 (7th Cir.1985).  Once the district court finds "that clear and convincing evidence establishes that the defendant is not likely to flee or pose a danger to any other person or to the community if released", the Circuit uses a two-step approach:   First, the district must "determine whether the appeal presents a substantial question of law or fact.  Second, the district court must determine whether, assuming that the question is decided in the defendant's favor, the appellate court is more likely than not to reverse the conviction or order a new trial on all counts for which imprisonment has been imposed." *Bilanzich,* 771 F.2d at 298.

3

Petitioner argues generally that he is not a danger to any specific person and does not pose a flight risk. He also claims that his current health conditions make him especially vulnerable to the threat of Covid-19 and the ongoing pandemic. Petitioner submits favorable letters of recommendation from his employment managers, character references from community members, and a list of training courses he has accomplished while incarcerated. Petitioner further argues that he has been offered employment and secured housing with family members should he be released. Despite these endorsements, Petitioner has not established exceptional circumstances necessary to overcome his detention. As mentioned above, Petitioner was sentenced to 27 months imprisonment for his cocaine conviction, which is to run consecutively to his 293-month sentence in Case No. 12-cr-30239 for kidnapping. Petitioner's kidnapping verdict in Case No. 12-cr-30239 is particularly callous. Accordingly, Petitioner's arguments that he does not pose a danger to any person is not clear and convincing evidence given his especially violent past.

Even if the defendant could meet the hurdle that he is not likely to pose a risk of safety to others, he would not be able to clear the second factor that his appeal presents a substantial question of law or fact. In the instant appeal, the Court specifically rejected the grounds raised by Jenkins on appeal and refused to issue a certificate of appealability (Doc. 94). Accordingly, the Court does not find that there is a substantial question of law or fact that would more likely than not reverse the conviction or order a new trial in the instant matter. Jenkins also fails to present any arguments concerning the relief he seeks in his separate challenge to his sentence in Case No. 12-cr-30239, and fails to meet his

burden in presenting a substantial question of law or fact that would more likely than not reverse his conviction or order a new trial in his separate criminal case. Accordingly, Jenkins' Emergency Motion for Release Pending Habeas Review (Doc. 120) is **DENIED**.

## Motion for Transcripts

By his Renewed Motion for Transcripts, Petitioner asks to receive transcripts of the evidentiary hearing held on November 17, 2020. Petitioner argues that he needs these transcripts to assist with his preparation of his request for a certificate of appealability. The Seventh Circuit recently granted Petitioner until June 14, 2021 to file a separate request for a certificate of appealability (Doc. 121, p. 14). In that order, the Seventh Circuit also advised that Petitioner may renew his request for transcripts should the Circuit issue a certificate of appealability and set a briefing schedule (*Id.*).

Petitioner argues that without his transcripts he will not be able to effectively litigate his appeal (Doc. 121, p. 1). Petitioner cites to Federal Rule of Appellate Procedure 10(b)(2), which provides that "[i]f the appellant intends to urge on appeal that finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to the finding or conclusion." A transcript may prove beneficial to Petitioner's appeal should the Circuit grant his request for a certificate of appealability. However, until that time, the Court will not order the transcripts to be prepared.

In order for a certificate of appealability to be issued under 28 U.S.C. § 2253, Petitioner must make "a substantial showing of the denial of a constitutional right." The Court finds that Petitioner can provide sufficient factual support for his arguments at this

junction without citations to the complete transcript from the November 17, 2020 evidentiary hearing. Just as the Seventh Circuit instructed, should a certificate of appealability be issued, Petitioner may renew his request for the preparation of transcripts. Until that time, however, the costs and expense of preparing the transcripts far outweigh their potential usefulness, if any, in preparing a request for a certificate of appealability. Accordingly, Jenkins' Renewed Motion for Transcripts (Doc. 121) is **DENIED, without prejudice**.

    **SO ORDERED.**

    Dated:  May 26, 2021

                                              _____
                                              DAVID W. DUGAN
                                              United States District Judge