IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTWON DESHANE JENKINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 18-cv-610-DWD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On November 25, 2020, this Court denied Petitioner Antwon Deshane Jenkins' section 2255 petition related to his cocaine conviction in Case No. 13-cr-30125 and declined to issue a certificate of appealability (Doc. 94). On December 8, 2020, Petitioner filed his Notice of Appeal of this denial with the Seventh Circuit (Doc. 95). The appeal is still pending. On May 26, 2021, this Court denied Petitioner's Emergency Motion for Release (Doc. 122).

Now before the Court is Petitioner's Motion for Reconsideration (Doc. 123). Petitioner asks the Court to reconsider its May 26, 2021 Order denying Petitioner emergency release. Petitioner represents that he meets all of the factors in 18 U.S.C. § 3143(b) and should be released pending the resolution of his appeal in this matter, in addition to the resolution of his § 2255 proceedings in *Jenkins v. United States*, 20-cv-233-SMY (S.D. Ill), where he is currently challenging his 293-month sentence for his

1

kidnapping conviction. The briefing on this separate 2255 petition is to be completed on or about July 26, 2021. *Jenkins v. United States*, 20-cv-233-SMY (S.D. Ill), at Doc. 27.

The Federal Rules of Civil Procedure do not expressly recognize motions to reconsider.[1] Rule 54(b) allows district courts to revisit "any order or other decision . . . that adjudicates fewer than all the claims" in an action and to revise it at any point before the entry of judgment as justice requires. FED. R. CIV. PROC. 54(b); *see also Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge."). Motions to reconsider interlocutory orders under this rule "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (internal quotations and citations omitted). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations and citation omitted). Because the standards for reconsideration are exacting, the Seventh Circuit has stressed that appropriate issues for reconsideration "rarely arise." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (internal quotations and citation omitted).

---

[1] The Federal Rules of Criminal Procedure also do not expressly recognize motions to reconsider, but the United States Supreme Court has held that such motions "are ordinary elements of federal practice that exist in criminal prosecutions despite their omission from the Rules of Criminal Procedure." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (citing *United States v. Healy*, 376 U.S. 75, 77 (1964)).

2

In his Motion, Petitioner presents many of the same arguments as in his original motion, including that he is no longer a danger to the community and has raised a substantial question of law that likely result in the reversal of his conviction or a new trial (Doc. 123, p. 1). Petitioner again cites to the packet of documents he submitted with his original motion. These documents include letters from prison staff, community members, and a potential employer, in addition to his prison records indicating that he has had no infractions, certificates from programs he completed while incarcerated, and his BOP Risk Assessment representing that he is a low risk inmate. Jenkins also presents his medical records showing that he has contracted Covid-19 and further argues that the continued risk of Covid-19 in the prison supports his release. Finally, Petitioner argues that he has raised a substantial question in this matter and his pending § 2255 proceedings in *Jenkins v. United States*, 20-cv-233-SMY (S.D. Ill).

As Petitioner repeats the same arguments he presented in his original motion, they are not appropriate for a motion to reconsider. Moreover, even if these arguments were appropriate for a motion to reconsider, they do not support Jenkins' emergency release, and Jenkins cannot satisfy the terms of 18 U.S.C. § 3143(b)(1) so to justify his release.[2] As further detailed in the Court's May 26, 2021 Order, Petitioner was sentenced to 27 months imprisonment for his cocaine conviction, which is to run consecutively to his 293-month sentence in Case No. 12-cr-30239 for kidnapping. Petitioner's kidnapping verdict in Case

---

[2] Assuming such factors were applicable to his release in this first place. *See Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985) (18 U.S.C. § 3143(b)(1) is generally not applicable to convicted defendants seeking postconviction relief under 28 U.S.C. § 2255). Instead, habeas corpus and section 2255 petitioners rely on the court's "inherent power to admit applicants to bail pending the decisions of their cases." *Id.*; *see also Kramer v. Jenkins*, 800 F.2d 708, 708 (7th Cir. 1986).

No. 12-cr-30239 is particularly callous. Accordingly, Petitioner's arguments that he does not pose a danger to any person is not clear and convincing evidence given his especially violent past. Even if Petitioner could meet the hurdle that he is not likely to pose a risk of safety to others, he would not be able to clear the second factor that his appeal or his pending § 2255 proceedings in 20-cv-233-SMY, present a substantial question of law or fact so to justify his release.

Petitioner's Motion for Reconsideration (Doc. 123) is therefore **DENIED**.

**SO ORDERED.**

Dated: July 1, 2021

_____
DAVID W. DUGAN
United States District Judge